**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**IN RE:**     **JERRY WAYNE STEWART**
              **Arkansas Bar ID #75125**
              **Supreme Court of Arkansas No. 06-260**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## DISPOSITION

United States District Judge J. Leon Holmes has referred the motion for reconsideration filed by Jerry Wayne Stewart (docket entry no. 5) to the undersigned for recommended disposition.

A brief review of the filings in this case is instructive. On October 23, 2007, the Court entered an Order directing Jerry Wayne Stewart, within thirty days, to show cause why the Court should not impose the identical discipline imposed upon him by the State of Arkansas. Previously, on April 12, 2007, the State of Arkansas terminated Mr. Stewart's license to practice law and issued an order of disbarment.

On February 12, 2008, Mr. Stewart filed a motion requesting additional time to respond to the Court's October 23, 2007, Order. Mr. Stewart noted that he did not receive actual notice of the Court's Order until January 11 or 12, 2008. The motion for additional time was granted on the same day it was filed, and the Court allowed Mr. Stewart until March 13, 2008, to respond.

Three months later, on May 12, 2008, Judge Holmes noted that Mr. Stewart, despite the

extension of time, had not responded to the Court's Show Cause Order. The Court, citing Rule II(D) of the Model Federal Rules of Disciplinary Enforcement, opined that the records of the Court should show Mr. Stewart terminated from the practice of law before this Court.

On May 29, 2008, Mr. Stewart filed the motion for reconsideration, which we now address. In a cover letter with his motion for reconsideration, Mr. Stewart notes that "my primary issues revolve around whether or not the incident for which I was disbarred constitutes a serious crime as utilized by our Model Rules of Professional Conduct. I have reviewed the term 'serious crime' under Black's Law Dictionary, 7th Edition, and have come to the conclusion that the incident for which I was found guilty does not in fact constitute a serious crime." Page 1, Motion to Reconsider (docket entry no. 5). Mr. Stewart attaches to his motion for reconsideration the April 12, 2007, opinion of the Arkansas Supreme Court. One the findings of the Arkansas Supreme Court; "Stewart's conviction of the felony offense of DWI - Fourth constitutes 'any felony' and is therefore a 'serious crime' as defined in the Procedures."

Mr. Stewart was notified in the Court's Order of October 23, 2007, what was required of him in order to avoid the identical discipline imposed by the State of Arkansas. The requirements, which come from Rule II(B) of the Model Federal Rules of Disciplinary Enforcement, are that Stewart demonstrate, or this Court finds, upon the face of the record upon which the discipline was predicated, that it is clear that:

> (1)   the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (2)   there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final conclusion on that subject; or

(3) the imposition of the same discipline by this Court would result in grave injustice; or

(4) the misconduct established is deemed by this Court to warrant substantially different discipline.

Mr. Stewart does not tie his motion for reconsideration to any of the four provisions listed above. Liberally construing his cover letter, we believe his challenge may fall under either category three or four. Regardless of which provision his argument falls under, Mr. Stewart fails to demonstrate error in the ruling of the State of Arkansas. In essence, he disagrees with the state court's ruling that a felony conviction is a serious crime and therefore the basis for disbarment. Mr. Stewart's citation to Black's Law Dictionary is not sufficient to overcome the reasoning and citations offered by the Arkansas Supreme Court in its opinion affirming the ruling against Mr. Stewart. Since he does not show error in the ruling rendered in state court, it follows that he does not show that any of the four provisions contained in the Model Federal Rules of Disciplinary Enforcement have been violated. There is nothing lacking in the notice given to Mr. Stewart and his opportunity to be heard, the proof establishing the misconduct is substantial, the imposition of the same discipline will not result in a grave injustice and the court is convinced that the misconduct warrants the same discipline in this court as that imposed by the State.

As a result, we recommend that the motion to reconsider be denied.

IT IS SO ORDERED this _9_ day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE